UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

CELSA RAMIREZ-ROSALES,                    )
individually and as wife and next-of-kin of    )
deceased, Evodio Abad-Castillo, *et al.*      )
                                                                    )
        *Plaintiffs*,                                       )
                                                                    )         Case No. 4:09-cv-109
v.                                                              )
                                                                    )         Judge Mattice
JACKIE MATHENY, Sheriff of Warren       )
County, Tennessee, *et al.*                        )
                                                                    )
        *Defendants*.                                    )

## MEMORANDUM AND ORDER

Before the Court is a Motion to Dismiss [Court Doc. 41] submitted by Defendants

Jackie Matheny, Sheriff of Warren County, Tennessee; Tommy Myers, Chief Deputy

Sheriff; Edward D. Knowles, Jail Director; Anita Youngblood, Jail Supervisor; Joseph

Vanbommel, Jail Assistant Supervisor; Sherry Bailey, Bruce Boyd, Jerry Britton, Dustin

Curtis, Justin King, Abel Rivera, Jorge Rivera, and Jason Wood, in their official capacities

as correctional officers and guard personnel at the Warren County, Tennessee jail; Christy

Sturgill, individually and in her official capacity as an RN of the Warren County, Tennessee

jail; Kay Grider and Carol Darby, individually and in their official capacities as LPNs of the

Warren County, Tennessee jail; and Warren County, Tennessee.

Defendants seek dismissal of all Plaintiffs to this action except Celsa Ramirez-

Rosales, individually and as wife of her deceased husband, Evodio Abad-Castillo.

Defendants further seek dismissal of any independent claims for loss of consortium.  In

support of this Motion, Defendants assert that Tennessee law unequivocally establishes

that Plaintiff Celsa Ramirez-Rosales, the spouse of the deceased, is the only proper

plaintiff in this wrongful death action. Defendants also contend that Tennessee law is clear that an independent cause of action for loss of consortium cannot be maintained in a wrongful death case. Because the law is settled on both issues, Defendants claim that dismissal is warranted for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

In the Complaint, Plaintiffs assert one cause of action pursuant to Tennessee Code Annotated § 20-5-113, which allows a suing party to recover damages "[w]here a person's death is caused by the wrongful act, fault or omission of another." (Court Doc. 1, Compl. ¶ 40.) All Plaintiffs also allege that they suffer from loss of consortium due to the death of Evodio Abad-Castillo. (*Id.* ¶¶ 35-37.)

As Defendants assert in the Motion to Dismiss, Tenn. Code Ann. § 20-5-107 governs the proper parties who may initiate a wrongful death lawsuit and states that "[t]he action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, *if there is no surviving spouse, by the children of the deceased or by the next of kin*." Tenn. Code Ann. § 20-5-107(a) (emphasis added). In addition, the Tennessee Supreme Court has stated that only one wrongful death lawsuit may be initiated and "[i]n a dispute between the surviving spouse and the children of the decedent as to who may maintain the action, the surviving spouse clearly has 'the prior and superior right above all others.'" *Kline v. Eyrich*, 69 S.W.3d 197, 207 (Tenn. 2002) (quoting *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991)). "In fact, the children of the deceased may maintain an action only if the decedent is not survived by a spouse or if the surviving spouse has waived his or her right of priority." *Id.*

(citing Tenn. Code Ann. § 20-5-107).

According to Tennessee law, therefore, children may only be proper plaintiffs in a wrongful death lawsuit when they initiate the action in the absence of a surviving spouse. If there is a surviving spouse, that individual must file suit alone and cannot jointly maintain a wrongful death action with the children of the deceased as additional plaintiffs. The *Kline* court stated that when a surviving spouse initiates the action, "the children simply have no right to representation . . . except through the surviving spouse." *Id.* Because Plaintiff Celsa Ramirez-Rosales is a party to this action and there is no indication that she has waived her right of priority, she is the only proper plaintiff.

As to any loss of consortium claims of all Plaintiffs, including the claim of Plaintiff Celsa Ramirez-Rosales as the decedent's surviving spouse, Defendants assert that these claims cannot be maintained as independent causes of action in a wrongful death case. (Court Doc. 42, Def.'s Mem. in Supp. of Mot. to Dismiss at 6.) Instead, loss of consortium is considered as part of the deceased's pecuniary value of life when computing damages. (*Id.* quoting *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 601 (Tenn. 1999)). The Tennessee Supreme Court concluded in *Jordan* that "consortium-type damages may be considered when calculating the pecuniary value of a deceased's life. This holding does not create a new cause of action but merely refines the term 'pecuniary value.'" *Jordan*, 984 S.W.2d at 601. In *Kline*, the Tennessee Supreme Court noted that the trial court allowed the children to intervene in the action to assert damages for loss of consortium and stated that "a claim for loss of consortium does not, in any way, represent a claim for damages separate from the wrongful death action itself. Rather, a claim for consortium merely embodies one component of the decedent's pecuniary value of life."

*Kline*, 69 S.W.3d at 207-08.

Plaintiffs have filed a Response to Defendants' Motion to Dismiss and concede that it is appropriate under Tennessee law that only Plaintiff Celsa Ramirez-Rosales be the plaintiff in this wrongful death action. (Court Doc. 43, Pl.s' Resp.) Plaintiffs also appear to concede that any allegations in regards to loss of consortium will be considered as an element of damages as part of the wrongful death action, but will not constitute separate and independent claims.[1] (*Id.*)

Based on the explicit guidance in Tennessee law on proper parties in a wrongful death lawsuit and loss of consortium claims within such lawsuits, and because Plaintiffs have conceded that the children of the decedent are improper plaintiffs in this lawsuit, the Court **GRANTS** Defendants' Motion to Dismiss [Court Doc. 41].

Accordingly, the Court **ORDERS** that the following Plaintiffs are hereby **DISMISSED** from this action and any claims against Defendants by these Plaintiffs are **DISMISSED**: Omar Abad-Ramirez, individually and as son and next-of-kin of the deceased Evodio Abad-Castillo; Z A-R, individually and as son and next-of-kin of the deceased, a minor, by next friend Celsa Ramirez-Rosales, his mother; Elias Abad-Ramirez, individually and as son and next-of-kin of the deceased; Nalleli Abad-Ramirez, individually and as daughter and next-of-kin of the deceased; and Sandra Abad-Ramirez, individually and as daughter and next-of kin of the deceased. The Court further **ORDERS** that any independent loss of

---

[1] The Court notes that these loss of consortium "claims" are not stated under the "Causes of Action" section of the Complaint but are rather included under a "Damages" section and the decedent's "pecuniary support" is referenced; therefore, Plaintiffs may not be asserting separate claims for loss of consortium and may already recognize that loss of consortium is merely considered as part of the computation of damages. (Compl.¶¶ 34-42.)

consortium cause of action asserted by Plaintiff Cesla Ramirez-Rosales is **DISMISSED**.

**SO ORDERED** this 29th day of July, 2010.

_____/s/Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE